UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MARIANO ANTONIO HERRERA                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 5:12cv123-DPJ-FKB

BRUCE PEARSON, et al.                                                    DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on motion [24] from all but one Defendant to dismiss or alternatively to grant summary judgment. The Court likewise considers the claims against the remaining Defendant *sua sponte*. Having fully considered the premises, the Court finds that the matter should be dismissed.

I.      Background

Plaintiff Mariano Antonio Herrera claims that prison officials violated his Eighth Amendment right to medical care and assaulted him on one occasion. Herrera names the following Defendants: former warden Bruce Pearson; former warden Archie B. Longley; Shalimar Howard; Vickie Owens; Dr. Anthony Chambers, Dr. Norma Natal-Castro, Jimmy Carson, and Natasha Lovett. Other than Carson, all Defendants are current or former employees of the Bureau of Prisons (BOP).

On February 5, 2013, the BOP Defendants jointly moved for dismissal, or in the alternative, for summary judgment. They argued that (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff's Complaint fails to set forth facts sufficient to state a claim under *Bivens*, or alternatively, would fail under summary-judgment review; (3) Defendants are entitled to qualified immunity; and (4) there is no *respondeat superior* in *Bivens* actions. On February 20, 2013, Herrera submitted a one page letter [27] which seemed to address an

additional incident but fails to address Defendants' substantive arguments. Herrera filed no other response. Finally, although Carson was not among the moving Defendants, the Court will consider the claims against him *sua sponte*.

II. Standard

    A. Rule 12(b)(6)

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

Generally speaking, "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and ... central to [his] claim," however, are considered part of the pleadings for purposes of a motion under Rule 12(b)(6). *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

B. Rule 12(d)

According to the Fifth Circuit, "Rule 12(d) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir. 1988) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (1969)); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414–15 (5th Cir. 1980)).

In this case, Herrera provided various documents that go beyond his Complaint in support of his claims, though they were docketed before Defendants moved for summary judgment. Defendants' motion likewise attached a number documents that go beyond the Complaint. Having viewed the record in its entirety, the Court finds that many of the claims could be dismissed with prejudice based on the pleadings under Rule 12(b)(1) or (b)(6). Other claims would require examination of the record evidence. And because both sides have offered additional record evidence, the Court will decide it based on Rule 56(a).

C.    Rule 56(a)

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). These rules apply equally to *pro se* litigants. Although *pro se* pleadings must be viewed liberally, such

4

plaintiffs are still required to follow Rule 56 of the Federal Rules of Civil Procedure. *See Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir. 1980).

Finally, Herrera has left Defendants' motion unrebutted. He did submit a Letter [27] supporting his claims after Defendants filed their motion, but that letter is not clearly responsive to the motion. That said, the mere lack of response is not alone sufficient to grant Defendants' motion. *See* L.U. Civ. R. 7.2(b)(3)(e) (dispositive motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied—even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment).

In this case, the Court will consider the entire record under Rule 56(a) to determine whether Defendants have established a right to relief. This includes all documents Herrera has submitted for the record and his post-motion Letter [27].

III.    Analysis

Herrera brings this suit under 42 U.S.C. § 1983, which precludes deprivation of a right "secured by the Constitution and the laws" of the United States by a person acting under color of state law. Section 1983 does not apply to federal officials who do not act "under color of state law." But because he is proceeding *pro se*, the Court liberally construes his claims as falling under the FTCA and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971). *See Grayson v. Fed. Prison Indus. Factory*, 69 F.3d 536, 1995 WL 625494, at *1 (5th Cir. Oct. 12, 1995) (unpublished table decision) (construing *pro se* prisoner case against federal correctional officers as FTCA/*Bivens* action).

A.   FTCA claims

Herrera's post-summary judgment Letter [27] charges Defendants with negligence in the provision of medical care. If the claims can be fairly viewed in that light, they must be dismissed as to all of the current Defendants. State-law negligence claims can be pursued under the FTCA. But 28 U.S.C. § 1346(b)(1) provides that the United States is the only proper defendant for FTCA claims. Herrera has not named the United States, and all FTCA claims against the moving Defendants are dismissed. *See Grayson*, 69 F.3d 536, 1995 WL 625494, at *2 ("Nor can Grayson's claim stand under the FTCA, because he did not seek to hold the United States liable; the United States is the proper party-defendant for such an action." (citing 28 U.S.C. § 1346(b))).[1]

B.   *Bivens* Claims

"A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials." *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948 (5th Cir. 2003) (en banc). Thus, Herrera must show a deprivation of his constitutional rights by someone acting under color of law. *See, id*. Here, Herrera pursues

---

[1] Had Herrera named the United States, then any FTCA claims that sounded in constitutional violations would be dismissed based on sovereign immunity. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) ("A constitutional claim does not arise under the Act and is barred by sovereign immunity."). Likewise, it does not appear that he fully exhausted. *See* 28 U.S.C. § 2675(a).

claims related to his medical care which, if cognizable, would fall under the Eighth Amendment to the United States Constitution. He also mentions an alleged assault by Defendant Howard, which—if not a state-law claim under the FTCA—could conceivably raise a separate Eighth Amendment claim for excessive force.

1. Official-Capacity Claims

Defendants contend that all official capacity claims must be dismissed. If Herrera intended such claims, then they are due for dismissal. *See Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1986) (holding that official capacity claims are claims against the United States and that court lacks subject-matter jurisdiction over the United States).

2. Supervisory Claims Against Defendants Pearson and Longley

Defendants Pearson and Longley—both former wardens of the facility—contend that they cannot be held liable merely for being supervisors. Defendants are at least correct that there is no *respondeat-superior* liability for a *Bivens* action. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Instead, plaintiff must show the supervisors were personally involved in the acts causing the deprivation or adopted constitutionally deficient policies. *Id*. So any claims based on supervisory status must be dismissed.

But Herrera seems to contend more than mere supervisory liability. He claims instead that Pearson and Longley were personally involved in the denial of medical care, and he has produced records from these Defendants in which they informed Herrera that his medical requests were denied. The Court finds that Herrera has created a question of fact regarding Pearson and Longley's personal involvement with his medical care and that the complaints

7

against them cannot be fairly categorized as resting on mere *respondeat superior*. Thus, the claims against Pearson and Longley will be examined with the other medical-care claims.

### 3. Defendants Pearson, Longley, Natal-Castro, and Lovett

Plaintiff claims that Defendants Pearson, Longley, Natal-Castro, and Lovett failed to provide adequate medical care. As stated, Pearson and Longley were former wardens, Dr. Norma Natal-Castro was Herrera's primary-care physician, and Natasha Lovett was a nurse. Herrera has failed to demonstrate that these Defendants violated his constitutional right to medical care.

To establish his claims against any of the Defendants, Herrera "must prove 'objectively that he was exposed to a substantial risk of serious harm,' and that 'jail officials acted or failed to act with deliberate indifference to that risk,' which requires actual knowledge and deliberate disregard." *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004) (citing *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002)). "To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (citation and quotation omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).

Herrera's Complaint is sparse at best. In it, he fails to explain how Pearson, Longley, and Natal-Castro violated his constitutional rights. His response to the magistrate judge's order requesting more information as to these three is only marginally better, explaining that

8

Defendants "refused to take action regarding my complaints as they relate to the proper care as provided by Medical Services which in accordance to my constitutional rights, the federal inmate is entitled to proper medical care and treatment." Pl.'s Resp. [9] at 1. As for Lovett, Herrera's Complaint states that she "denied [him] proper medical treatment," and that she "ran me out of the medical department, and told me not to return." Pl.'s Compl. [1] at 5, 6.

None of these averments would survive Rule 12(b)(6) review, and they likewise fail under Rule 56(a). First, the record is not sufficient to create a fact question as to whether Herrera faced a "'substantial risk of serious harm.'" *Victoria W.*, 369 F.3d at 483 (quoting *Lawson*, 286 F.3d at 262). Second, he has not produced sufficient evidence that any of these Defendants acted with deliberate indifference. Finally, he cannot overcome the claim to qualified immunity.

All of this becomes more apparent when considering the declarations of those Defendants who provided health-care services to Herrera for his various complaints. First, Dr. Natal-Castro recounts that she and others examined Herrera 13 times between May 10, 2011, and October 11, 2012, with Natal-Castro performing many of the examinations. They also renewed or adjusted his medications many more times during that period. Throughout this course of treatment, the doctor physically examined Herrera, ordered x-rays and various laboratory tests, and prescribed seven different medications for Herrera's various complaints. *See* Natal-Castro Decl. [24-7] ¶¶ 4–15.

Second, Nurse Lovett states that she had three encounters with Herrera. During the first, on May 24, 2011, Herrera was diagnosed with allergies and told to purchase over-the-counter medication. Lovett Decl. [24-12] ¶ 3. The second occurred on August 1, 2008, when Herrera complained of stomach pain, headache, dizziness, and vomiting. According to Lovett, Herrera

was called three times that day to the Health Service Unit but did not appear. He was, however, evaluated the following day and prescribed dicyclomine by Dr. Natal-Castro. *Id.* ¶ 4. On August 8, 2011, Lovett evaluated Herrera for a sore throat. It was noted that he suffered from allergies and was instructed to purchase over-the-counter medication. *Id.* ¶ 5.

Herrera has not created a jury question as to whether any of these Defendants knew Herrera faced "'a substantial risk of serious bodily harm'" or that they "'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Gobert*, 463 F.3d at 346 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Herrera may disagree with the treatment he received while incarcerated—which he describes as "negligent" in his February 20, 2013 Letter [27]—but "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citation omitted). Based on the record as a whole, Herrera has failed to prove that these Defendants responded to a serious medical condition with deliberate indifference. *Victoria W.*, 369 F.3d at 483. He likewise fails to show that they are not entitled to qualified immunity. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2085 (2011) (explaining qualified immunity). The claims are therefore dismissed.

4. Defendants Dr. Chambers and Ms. Owens

Plaintiff alleges that Chambers and Owens denied him proper medical care. Both Defendants are employees of the Public Health Service (PHS). Under 28 U.S.C. § 233(a), "the FTCA remedy against the United States [is] 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Hui v. Castaneda*, 130 S.

Ct. 1845, 1848 (2010) (quoting 28 U.S.C. § 233(a)). Accordingly, the United States Supreme Court has "conclude[d] that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct." *Id*. Herrera did not respond to this argument and it otherwise appears meritorious.[2]

### 5. Defendant Howard

Herrera states in his Complaint that he was "assaulted by Medical Staff S. Howard." To the extent he intended a state-law type tort under the FTCA, Defendant Howard is not a proper party. *See* 28 U.S.C. § 1346(b)(1). The claim would likewise fail if Herrera intended to assert a constitutional claim for excessive force in the *Bivens* context—which is not apparent. The Eighth Amendment to the United States Constitution protects all inmates from cruel and unusual punishment, which includes the use of excessive force. But in this case—under Rule 12(b)(6)-type review—Herrera has failed to sufficiently plead an excessive-force claim because the Complaint fails to explain what happened. Moreover, the record evidence demonstrates that this claim should be dismissed with prejudice under Rule 56(a).

"The question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*

---

[2]Defendants Chambers and Owens also claim that they were named solely in their supervisory capacities, and both offered unrebutted affidavits stating that they were not personally involved in Herrera's treatment. Thus, if they were not otherwise immune, they would be entitled to summary judgment because there is no *respondeat superior* liability for a *Bivens* claim. *Cronn*, 150 F.3d at 544. And in any event, there has been no showing of deliberate indifference. *Victoria W.*, 369 F.3d at 483.

*v. McMillian*, 503 U.S. 1, 6 (1992) (citation and quotations omitted). There is no evidence in this record from which a reasonable jury could find that Herrera made this showing.

Though the Complaint lacks specifics, it appears that Herrera's contentions regarding Howard relate to an incident in May 2011. In Herrera's Response [9] to the magistrate judge's request for additional information, he attached an "Inmate Request to Staff" in which he complains that Howard removed a hat from his head "scraching" Herrera's face. [9-1] at 2. Even assuming this fact is true, Herrera admitted a rules violation and was disciplined for ignoring Howard's repeated instructions to leave the area and remove his hat. *See* Howard Decl., [24-4] ¶ 3; Ex. 5 at 3–4. Viewed in a light most favorable to Herrera, the Court assumes that Howard removed the cap when Herrera refused to comply and caused a scratch. But "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation and quotations omitted). Herrera has not shown Howard acted "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6. And he therefore fails to show a constitutional violation. And even if he had stated such a claim, Howard is entitled to qualified immunity. *Al-Kidd*, 131 S. Ct. at 2085.

      6.      Defendant Carson

Herrera sued "Nurse Carson," later identified by Defendants as Jimmy Carson. According to Plaintiff, nurses Carson, Owens, and Lovett "denied proper medical treatment." Pl.'s Compl. [1] at 5. He later explains that Carson and Lovett "violated my civil rights to proper medical treatment and ran me out of the medical department, and told me not to return." *Id*. at 7. Other than these bare-bone assertions, the record offers no insight into Carson's alleged acts.

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Herrera to proceed *in forma pauperis* in this action. His Complaint is therefore subject to *sua sponte* dismissal under § 1915.

In the present case, Herrera has failed to offer sufficient information for the Court to find that Carson acted with deliberate indifference as discussed above. It also appears that Carson is entitled to qualified immunity. Accordingly, the Court finds that the claims should be dismissed under § 1915(e)(2)(B) for failure to state a claim.

IV.  Conclusion

For the reasons stated, all claims against all defendants must be dismissed with prejudice. The Court likewise finds that Herrera filed frivolous claims that count as a strike pursuant to 28

U.S.C. § 1915(g). A separate judgment will be prepared under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE